CONSOLIDATED CAR HEATING CO. v. GOLD CAR HEATING CO. et al.
SAME v. GOLD STREET CAR HEATING CO. et al.

(Circuit Court, S. D. New York. May 26, 1898.)

1. PATENTS—PRIOR ADJUDICATIONS IN OTHER CIRCUITS.
   An adjudication by a circuit court of appeals sustaining a patent, and construing its claims, will be followed by a circuit court in another circuit, unless some new evidence is presented, of such a character as might fairly be supposed to be calculated to induce a different decision if it had been produced before that court.

2. SAME—VALIDITY—ELECTRIC CAR HEATERS.
   The McElroy patent, No. 500,288, for an electrical heater for street-railway cars, held valid and infringed, on motion for preliminary injunction.

These were suits in equity brought by the Consolidated Car Heating Company against the Gold Car Heating Company and others and against the Gold Street Car Heating Company and others, respectively, for alleged infringement of letters patent No. 500,288, issued June 27, 1893, to the complainant, as assignee of James F. McElroy. The causes were heard on motions for preliminary injunction.

Frederick P. Fish, for the motion.
Henry Thompson, opposed.

LACOMBE, Circuit Judge. Well-settled practice in this circuit would seem to leave little doubt as to the proper disposition to be made of these motions. The patent in suit, upon a voluminous record, and after careful argument, has been sustained, and its claims construed, by the circuit court of appeals in the First circuit, in Consolidated Car Heating Co. v. West End St. Ry. Co., 29 C. C. A. 386, 85 Fed. 662. That construction is to be followed here, unless this record presents some new evidence, of such a character as might fairly be supposed to be calculated to induce a different decision, had such evidence been before the court which heard the earlier cause. The only new evidence introduced on this hearing consists of the Joule "demonstration," the Pulvermacher British patent, and the Gold steam heater. None of these seem entitled to any especial consideration. They are clearly not "anticipations," and, considered as "suggestions," they deal rather with form than with substance. The construction which the circuit court of appeals gave to the first claim, therefore, will be followed here. Such construction covers mechanical equivalents which embody the substantial invention of the patent. The device of defendants is obviously a close mechanical

equivalent,—differing in form, but accomplishing the same result in the same way. It seems, however, to be a better arranged and more efficient device, and a distinct improvement upon the patent in suit. In consideration of this latter circumstance, the injunction to which complainant is entitled will be suspended till November 1st, upon defendants giving bonds in the usual form for $10,000 in each case, and filing sworn accounts of sales monthly. Such suspension, however, to be without prejudice to any future action by complainants to enjoin the use by purchasers of any infringing devices bought during the pendency of such suspension.